UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:14-CV-00102-LLK

**WENDY A. MAZE-HARRIS**                                                                                      **PLAINTIFF**

v.

**CAROLYN W. COLVIN, Commissioner of Social Security**                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Plaintiff filed a complaint seeking judicial review of the final decision of the Social Security Administration denying her claim for supplemental security income benefits. The fact and law summaries of the parties are at Docket Numbers 12 and 20.

The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. This matter is ripe for determination.

Because the Administrative Law Judge's (ALJ's) denial decision was supported by substantial evidence and was in accord with applicable legal standards, the final decision of the Commissioner is AFFIRMED, and Plaintiff's complaint is DISMISSED.

### Discussion

Plaintiff was born in 1982. She alleges disability due to migraine headaches, chronic pain, anxiety, and depression.

The ALJ found that Plaintiff's migraines are non-severe and that her depression and anxiety result in the limitations identified by medical expert Tom Wagner, Ph.D. Administrative Record (AR), pp. 38 and 46.

Dr. Wagner completed the standard Ability To Do Work-Related Activities (Mental) form contemporaneously with his testimony at the administrative hearing. AR, p. 721. He opined, based on

1

the record as a whole, that Plaintiff is slightly to moderately limited in all functional areas except that she is markedly restricted in her ability to carry out detailed instructions and should avoid "complex, loud, confusing, or fast-paced work." AR, p. 737.

Based upon a hypothetical contemplating Dr. Wagner's findings, vocational expert Stephanie Barnes, Ph.D., identified a significant number of compatible medium, light, and sedentary jobs in the national economy. AR, pp. 84-85.

Plaintiff presents four contentions.

### Physical Impairments

Plaintiff's first, second, and part of her fourth contentions may be summarized as follows: The ALJ erred in finding her migraines to be non-severe and in finding her complaints of disabling pain and physical limitation to be incredible.

In evaluating Plaintiff's disability claim at Step 2 of the sequential evaluation process, the ALJ found that Plaintiff's migraines are non-severe. AR, p. 38.[1]

Once an ALJ makes a finding of at least one severe impairment, she must "consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Social Security Ruling (SSR) 96-8p, 1996 WL 374184 at *5. Conversely, if the ALJ considers all of a claimant's impairments at the remaining steps of the sequential evaluation process, her not including an additional severe impairment "does not constitute reversible error." *Maziarz v. Secretary*, 837 F.2d 240, 244 (6th Cir.1987); see also *McGlothin v. Commissioner*, 299 Fed. App'x 516, 522 (6th Cir.2008) (stating that it is "legally irrelevant" that the ALJ found an impairment to be non-severe because he acknowledged other severe impairments and completed the sequential evaluation).

---

[1] "Severe" is a term of art in Social Security disability law meaning approximately "vocationally significant." The Sixth Circuit construes the Step-2 severity regulation as a "de minimis hurdle," *Rogers v. Commissioner*, 486 F.3d 234 n. 2 (6th Cir.2007), intended to "screen out totally groundless claims." *Farris v. Secretary*, 773 F.2d 85, 89 (6th Cir.1985). Thus, if an impairment has "more than a minimal effect" on the claimant's ability to do basic work activities, the ALJ must treat it as "severe" and proceed with the sequential evaluation process. SSR 96-3p.

The ALJ's finding of non-severe migraines was legally irrelevant in this case because the ALJ acknowledged that Plaintiff has severe anxiety and depression (AR, p. 37) and took the migraines into account at the remaining steps of the evaluation process. The ALJ accomplished this by acknowledging that Plaintiff "needs to avoid concentrated exposure to excessive noise and irritants such as fumes, dust, and odor" (AR, p. 40), which may trigger or exacerbate her migraines, and by presenting this limitation in the controlling vocational hypothetical (AR, pp. 83-84).[2]

Next, Plaintiff objects to the ALJ's decision to find her complaints of disabling pain to be incredible. In addition to migraine pain, Plaintiff alleges musculoskeletal and particularly neck pain (cervicalgia).[3]

A reviewing court is not in a position to second-guess an ALJ's credibility findings, particularly regarding subjective symptoms and complaints.[4] Absent a compelling reason, a reviewing court should not disturb an ALJ's credibility findings. *Smith v. Secretary*, 307 F.3d 377, 379 (6th Cir.2001). Plaintiff has failed to identify a compelling reason for disturbing the ALJ's pain-credibility analysis.

Next, Plaintiff objects to the ALJ's rejection of the findings of one-time examining consultant Michael Meade, M.D.

Dr. Meade examined Plaintiff on February 2, 2013, and opined, among other things, that: "The patient should be able to sit in place for 15 to 45 minutes. The patient should be able to stand in place for 15-30 minutes. The patient should be able to walk four to eight blocks. ... The patient should be able to lift and carry at least 20 pounds." AR, p. 578.

---

[2] Additionally, the ALJ indicated that Plaintiff's migraines were, to some extent, self-inflicted as she has been "counseled on smoking cessation and her excessive use of caffeine" (AR, p. 37), yet "[a]lthough she alleges headaches, she still smokes two packs a day." AR, p. 46.

[3] The ALJ noted that Bruce Amble, Ph.D., diagnosed a pain disorder associated with both psychological factors and general medical condition. AR, pp. 41 and 559.

[4] An ALJ's opportunity to observe the appearance and demeanor of a claimant during the hearing is invaluable and will not "lightly be discarded" by a reviewing court. *Villarreal v. Secretary*, 818 F.2d 461, 463 (6th Cir.1987). The notion that special deference is owed to a credibility finding by a trier of fact is deeply embedded in our laws. The opportunity to observe the demeanor of a witness, to evaluate what is said in light of how it is said, and to consider how it fits in with the rest of the evidence gathered is invaluable and should be given proper consideration. *Beavers v. Secretary*, 577 F.2d 383, 387 (6th Cir.1978).

In finding no severe physical impairment, the ALJ gave "no weight" to Dr. Meade's findings, which she found to be inconsistent with the objective medical evidence, including Dr. Meade's own examination findings. According to the ALJ, Dr. Meade's findings merely record Plaintiff's subjective allegations. AR, p. 38. "The claimant's allegations and testimony that pain limits her ability to sit, stand, walk, and lift are not found credible." Id.

While the ALJ purported to reject Dr. Meade's findings, this appears not to have been essential to her ultimate finding of lack of disability. The ALJ accepted the opinion of no severe physical impairment given by the state-agency program physician. AR, p. 38. The program physician based his opinion on the evidence as a whole, including Dr. Meade's findings, which he gave "great weight." AR, p. 113.

In any event, at worst, the ALJ's rejection of Dr. Meade's findings and determination that Plaintiff has no severe physical impairment was harmless error. The vocational expert testified, upon cross-examination, that Dr. Meade's findings are compatible with performance of the previously-identified medium, light, and sedentary jobs, some of which allow a sit-stand option. AR, pp. 86-87. Plaintiff has failed to identify evidence of a medically-determinable physical impairment that would preclude these jobs.

## Mental Impairments

Plaintiff's third and fourth contentions may be summarized as follows: The ALJ erred in preferring the non-examining medical source opinion of Dr. Wagner to that of her treating therapist at Four Rivers Behavioral Health, Pam Owen, CSW (certified social worker).

Plaintiff testified that, on September 2, 2013, she discovered that one or both of her children ages 9 and 13 had been abused by a family member. AR, pp. 65-66.[5]

---

[5] Medical records indicate that Plaintiff also has been abused. AR, p. 595. She testified that she experiences flashbacks approximately four or five times a day "about the abuse I dealt with." AR, pp. 73 and 76.

4

In October, 2013, psychiatrist Benjamin Parker noted "increased psychosocial stress" due to this recent discovery. AR, p. 711. He continued Plaintiff on Prozac 20 mg per day and Seroquel 300 mg at bedtime. He opined no specific restriction.

In December, 2013, Ms. Owen completed the Mental Impairment Questionnaire, finding that Plaintiff has poor to no useful ability to function in 12 of 25 areas. AR, pp. 858-859. Ms. Owen saw Plaintiff on four occasions from January to September of 2013. AR, p. 855. When asked about Plaintiff's response to treatment and prognosis, Ms. Owen stated that she was unable to say because she last saw Plaintiff in September, 2013. AR, p. 856.

To be disabling, an impairment must satisfy the so-called duration requirement, i.e., it must produce restrictions that "can be expected to result in death or which [have] lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d) (1)(A). "Typically, a situational impairment [e.g., anxiety or depression due to a recent discovery] does not satisfy the duration requirement." *Combs v. Commissioner*, 2008 WL 4534106, at *5 (W.D.Ky.).

The ALJ declined to give "great or controlling weight" to Ms. Owen's opinion because it did not satisfy the 12-month duration requirement (Ms. Owen saw Plaintiff for less than a year and was unable to opine as to likely future limitations) and it was not supported by the treatment records, Dr. Wagner's opinion, and Plaintiff's daily activities, including caring for her two children. AR, p. 46.[6]

The ALJ identified a substantial basis for preferring Dr. Wagner's opinion to that of Ms. Owen.

### New Evidence Not Before the ALJ

Although she has not requested a remand for consideration of new and material evidence pursuant to Sentence 6 of 42 U.S.C. § 405(g), Plaintiff refers to evidence that came into existence after

---

[6] The ALJ was not required to give Ms. Owen's opinion special or controlling weight because social workers are not "acceptable medical source." SSR 06-03p; see also *Engel v. Commissioner*, 2014 WL 1818187 (S.D.Ohio) ("The Court recognizes that the ALJ was not required to give any special weight to Ms. Burnett's opinions as social workers are not 'acceptable medicals sources'"). Nevertheless, the Commissioner must take an "other source" opinion (such as that of Ms. Owen) into account in determining how a claimant's impairment affects her ability to function. Id.

the ALJ's decision on February 14, 2014. Specifically, she notes her hospitalization from March 14, 2014, through March 18, 2014, at Western State Hospital after a suicide attempt. Docket Number 12, pp. 1 and 8.

Evidence submitted by a claimant after the ALJ's decision may be considered by a reviewing court only for the limited purpose of determining whether to grant a motion for remand for consideration of new and material evidence. *Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir.1996). A remand is not warranted unless the new evidence is material, i.e., there is a "reasonable probability that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Secretary*, 865 F.2d 709, 711 (1988). New evidence that is cumulative with respect to evidence that was before the ALJ is not material. *Allen v. Commissioner*, 561 F.3d 646, 654 (6th Cir.2009).

Evidence of a fourth suicide attempt after the ALJ's decision is cumulative and immaterial in this case in light of the ALJ's recognition of Plaintiff's "three past suicide attempts including an effort within the last week" and her "struggles with ... frequent suicidal thoughts." AR, p. 41. In all probability, the ALJ would view this fourth attempt the same way she viewed the prior ones – not reflective of limitations satisfying the duration requirement. See *Seamon v. Commissioner*, 364 Fed.Appx. 243, 247 (7th Cir.2010) ("Although the ALJ recognized that Seamon's condition was more severe in late 2002 and early 2003, when she attempted suicide, that period did not meet the 12–month durational requirement ... nor was it representative of the typical severity of her mental illness").

The Court has considered the new evidence in the interests of justice notwithstanding Plaintiff's not specifically requesting a Sentence-6 remand. The evidence does not support a remand or disturbance of the ALJ's decision.

**Order**

The final decision of the Commissioner is AFFIRMED, and Plaintiff's complaint is DISMISSED.